INSURANCE COMMISSIONER *vs.* COMMERCIAL MUTUAL INSURANCE COMPANY.

PROVIDENCE—MARCH 24, 1897.

PRESENT: Stiness and Tillinghast, JJ.

·The receiver of an insolvent mutual insurance company which had done business in several States but had complied with the insurance laws of only three of them, made assessments only on the policies held in these three States, and the rate of the assessment was fixed with reference to the sum needed and the amount to be received from such assessments.

*Held,* that this action of the receiver be approved, as only such assessments were collectible. The only means of raising the money to pay the debts is by assessment on the policies, and allowance must be made for uncollectible assessments by increasing the amount of good assessments. The policy holders assumed this liability in lieu of increased premiums.

Proofs of a loss in usual form had been filed with an insurance company pre-

vious to the appointment of a receiver, but no claim therefor had been presented to the receiver under the terms of the decree of the court.

*Held*, that the proofs on file at the time of the appointment would justify the receiver in recognizing the claim, if satisfied that it was just.

A receiver's authority is broad enough to allow him to contest, or compromise, a claim against an insurance company of which he is the representative.

The losses of an insurance company sustained after the appointment of a receiver are not to be provided for by assessment upon the remaining policies; such an appointment is a dissolution of the company, and its contracts are terminated by operation of law.

Taxes duly assessed upon an insurance company after it ceased to do business and before the appointment of a receiver, constitute a preferred claim to be paid by the receiver without formal proof.

PETITION of a receiver of a mutual insurance company for instructions.

STINESS, J.    Rules for assessments upon policies of insurance in mutual companies have been given in *Slater Mut. Ins. Co.* v. *Barstow*, 8 R. I. 343 ; *Tobey* v. *Russell*, 9 R. I. 58 ; *In re Slater M. F. Ins. Co.*, 10 R. I. 42.    The assessments made in this case are stated by the receiver to be in accordance with those rules, so far as they apply ; but it appears that, while the company did business in several States, it had complied with the insurance laws of only three States, in which, consequently, assessments are only collectible.    The receiver makes an assessment only on the policies in said three States, and asks our approval thereof.    We think the action of the receiver is correct.    The debts are to be paid ; the policy holders are liable to assessment therefor, to an amount not exceeding three times the premium, and the only means of raising the money to pay the debts is by resort to such assessment.    It is the liability assumed in lieu of an increased premium, and so, as held in *Tobey* v. *Russell*, allowance must be made for uncollectible assessments by increasing the amount of good assessments proportionately.    *Wardle* v. *Townsend*, 75 Mich. 385 ; *Com.* v. *Mass. Ins. Co.*, 112 Mass. 116 ; *Maine Ins. Co.* v. *Neal*, 50 Me. 301.

We therefore approve the plan of assessments reported by the receiver.

It appears by the report that the claims of L. K. Hirsch, J. C. Bradford and the American Straw Board Co. have not

been presented to the receiver according to the terms of the decree, but that he finds in the papers of the company proofs of loss executed and sworn to in the usual form, and he asks the direction of the court with reference to these claims. As the parties had filed their claims with the company in the same manner as is required by the decree and they have come to the knowledge of the receiver, we think that he may properly recognize them, if he is satisfied that they are just. It is quite likely that having proved their claims once, as required by the policy, they have not supposed it to be necessary to re-prove them before the receiver.

We think that the receiver's authority is broad enough to allow him to contest or compromise a claim against the company, which he is not satisfied is a just claim. Gen. Laws, cap. 181, relating to insurance companies, does not expressly give this authority, but cap. 177, § 28, relating to receivers of corporations in general, gives to them the power to defend suits "and to do all other acts, which might be done by such corporation, that may be necessary for the final settlement of its unfinished business and the winding up of the corporation." Under this authority we think that the receiver may deal with the claim of A. Ellenger & Co. as in his opinion justice and prudence may require, and may make an assessment accordingly.

The receiver asks whether he shall include in his assessment claims for losses which have occurred since his appointment, and which are demanded of him. We think not. Although the contracts of insurance had not expired according to their terms at the time of the appointment of a receiver, yet such appointment is a dissolution of the company ; it thenceforth ceases to be, and its powers are transferred to the receiver for the purpose of closing up its affairs. Its contracts are terminated by operation of law, and the policy holder can at once protect himself by getting new insurance. There must be a time when liability under the policies shall cease, and the most reasonable time is that when the company itself ceases. Such is the decision in *Doane* v. *Millville Ins. Co.,* 43 N. J. Eq. 522, and *Reliance Lumber Co.* v.

*Brown*, 30 N. E. Rep. 625, in both of which cases the question is carefully considered upon authorities cited. We therefore instruct the receiver that he is not to assess the losses which occurred after the entry of the decree of forfeiture of charter.

It also appears that the city of Providence assessed a tax upon the company July 1, 1896, about six weeks after the company had ceased to do business, and about four weeks before the filing of this petition. This tax was, therefore, a debt of the company when the receiver was appointed. It is a debt of a public character, and as such has a preference in probate and insolvency proceedings. Gen. Laws, cap. 215, § 16 ; cap. 274, § 58. Although it is not mentioned in the statute relating to insurance companies, yet by analogy it would be a preferred claim, and by Gen. Laws, cap. 50, § 3, it is expressly provided that whenever any person, which includes a corporation, shall become insolvent, town taxes shall have preference to general debts. This being so, we think that the city tax is a preferred claim, which, for that reason, may be paid by the receiver, without formal proof, as a part of the general expense of the company.

*Edward C. Dubois*, Attorney General, for insurance commissioner.

*James C. Collins, Jr.*, Receiver, *pro se.*